No. 10,755.

43 555
49 181

## Wm. D. Golding vs. Wm. Golding et al.

1. Property purchased by the husband in his own name after the dissolution of the community by death of wife, does not fall into the community.

2. On proof that such property was purchased with identified funds of the community, it might be claimed as community property under the doctrine of Pirtle vs. Price, 31 An. 357: but such claim could only be urged against the husband while the title remained in his name, and could not avail against *bona fide* mortgagees and subsequent purchasers who acted on the faith of the recorded title.

3. Where the legal mortgage in favor of a minor on the property of his tutor has been canceled and erased from the records by the final decree of the court, seized with jurisdiction thereof, in proceedings regular on their face, and with the advice and consent of a family meeting, a special mortgage has been substituted therefor, subsequent purchasers in good faith of the property will be protected and can not be affected by charges of fraud and conspiracy in the proceedings to which they were not parties and of which they were ignorant.

4. The judge *a quo* has correctly held that the charges of fraud and conspiracy against several defendants herein have not been proved.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

### *Jas. P. Hornor & Son* for Plaintiff and Appellant:

1. Where the interests of a minor and his tutor are conflicting, any judgment rendered against a minor is a nullity where he is not represented by the under tutor.   C. P. 275; 1 Hen. Dig. 914.

2. Failure of the under tutor to do his duty subjects him to pecuniary responsibility to the minor.   31 An. 51.

3. The under tutor has no power to consent to the erasing of the minor's mortgage (31 An. 51), and consequently can not consent to any of the preliminaries leading to that result.

4. Property purchased with the identical money stolen by the purchaser from a succession belongs to the succession.   31 An. 357.

5. A minor has a mortgage on the property of a person who intermeddles with his estate.   8 N. S. 366; C. C. 3315.

6. A special mortgage based on an homologated account, false and fraudulent on its face, held null and void.   31 An. 31.

7. Purchasers are bound to ascertain that the court ordering the sale had jurisdiction over the matter, and that it had the right to exercise its discretion in the manner it did.   41 An. 401.

### *Howe & Prentiss* for Executor, Defendant and Appellee:

1. As to Steers, a third possessor, the plaintiff, so far as this action is hypothecary, has not laid any foundation by demands, and notice for a hypothecary action. C. P. 68, *et seq.;* Taylor vs. Pearce, 15 An. 564.

2. The suit was not preceded by any proper account between plaintiff and his father.

3. The suit was not brought within one year after the judgments complained of were rendered nor within one year after plaintiff became of age.   No fraud extrinsic to the record was attempted to be proved, and the record itself should not be permitted to be attacked.

Golding vs. Golding et al.

4. The suit attempts to join a number of persons who had no privity of contract or common interest, and were not charged with any common offence. 32 An. 1165; 14 An. 181; 12 An. 74.

5. The Second District Court had jurisdiction to render the judgments complained of, and they protect Steers, a subsequent purchaser. 13 La. 481; 31 An. 52; 40 An. 500; 11 La. 156. Irregularities prior to judgment (even if existing, which we do not concede) should be corrected by appeal, and afford no basis for an action of nullity, if this action be such. 9 La. 79; 9 An. 197; 14 An. 396, 656; 22 An. 371.

6. The property described was acquired after the death of plaintiff's mother, and was not community property. 2 An. 196; 7 Rob. 75.

7. The petition shows no cause of action against Steers. The bald allegation that he was in "bad faith," without any allegation of facts to support it, is nothing. 102 U. S. 372. The plaintiff must allege and prove some facts from which the legal conclusion of bad faith could arise and these must be extrinsic to the matters tried in the Second District Court.

8. Even if the petition showed a cause of action, its allegations were not proved. See the opinion of the lower court copied in the brief.

---

*W. S. Benedict* for Defendants and Appellees.

---

*Harry H. Hall* for Defendants and Appellees:

1. Prematurity. "Until the minor has, by proper proceeding in the probate court, ascertained and liquidated contradictorily with her tutor, her rights and claims against him, she is not in a position to enforce them." Gibbs vs. Simms, 29 An. 532, Vide 30 An. 1192; C. C. 37 An. 808; C. C. 362.

2. Prescription of one year bars an action to annul a judgment for fraud (C. C. 613); and "where in an action, more than a year after the judgment, defendant expressly denies any discovery within a year previous to the suit, plaintiff must prove it." 7 R. 92; 7 R. 94.

3. Prescription of one year bars an action for damages arising from a tort. C. C. 3536 (3501).

"If this possession was a wrongful one, as it is alleged to be, the property came into his hands by reason of an offence which he, through his agent, had committed. His obligation toward the plaintiff would rest upon a claim for damages caused by tortious conduct, and is the result of an offence which is prescribed by one year." Wood vs. Harispe, 26 An. 511.

4. Plaintiff claims that property purchased after the dissolution of the community may, by inventorying it as such, be made community property.
There prevails a belief among members of the bar, which is somewhat general, that community property is defined by certain inflexible limitations set out in Art. C. C. 2402 (2371); and that even a debtor who earnestly desires to relieve his individual property from a mortgage granted for his individual debts can not, by inventorying that property as community property, make it such property.

Golding vs. Golding et al.

"Plaintiff's ancestors having acquired, during majority, a warrant authorizing the holder to enter a certain quantity of public land previously offered for sale' located it after the death of his wife. * * * Held, that the title to the land never vested in the community. * * * *Per curiam:* Purchasers, without notice, can not be distributed by reason of fraud committed by their vendors, unless their participation in them be proved." Sexton vs. McGill, 2 An. 190.

5. Plaintiff claims that the Second District Court had no jurisdiction to annul an inventory and inscription thereof, made under its orders in a probate pro-ceeding.

I must apologize for citing authority to show that the probate court alone had, at the time referred to, jurisdiction of private matters, or of suits to annul orders in probate matters; and that a court once properly vested with jurisdiction will maintain it over the subject matter until the final termination thereof. Succession of Hoover vs. York, 30 An., p. 752.

6. Plaintiff claims that the judgment in the probate court canceling the inventory was rendered on the 17th of August, and signed on the 23d of August, 1869, *in vacation,* and was therefore an absolute nullity.

Act 12 of 1868, p. 14, provides, "That the First and Second Courts for the parish of Orleans shall be and remain open during the whole year for the trial of all causes in their respective courts." R. S. 1928.

7. Plaintiff claims that because he was represented by his father's counsel the judgment was a nullity.

The suit was brought against Golding, tutor, and the under tutor. The minor was therefore represented.

"A judgment can not be annulled by direct action from any alleged vice of form in the mode of proceeding. It can only be annulled by such actions for one of the three clauses of vice of form contained in Article 606, C. P." In other cases the remedy is by appeal. Bank vs. Speckman, 23 An. 146.

8. And further, plaintiff avers that the judgment homologating the corrected ac-count is an absolute nullity, for causes specified, all of which, if true, would have been grounds for an appeal, but are not grounds for an action for nullity. 14 An. 1656; C. C. 2277 (2257); 23 An. 147.

*Rice & Armstrong* for Defendant and Appellee.

1. Plaintiff makes no pretence of meeting the essential issues of fact raised by the pleadings.
2. That which comes into existence after the dissolution of the community can not become part of the community, at the beck of the survivor in the com-munity.
3. Nothing but registry of title to real estate affects third persons, in good faith. C. C., Arts. 2264, 2266; Hoyer vs. Sheriff, 40 An. 660.

The opinion of the court was delivered by

FENNER, J. The facts out of which this litigation grows are the following:

The wife of William Golding died in February, 1864, leaving as

issue of the marriage a minor child, viz: the present plaintiff, Wm. D. Golding.

After her death, in the months of March and July, the surviving husband, Wm. Golding, purchased the real estate involved in this suit.

In October, 1864, the succession of Mrs. Golding was opened, but no inventory was taken till long afterward.

In June, 1865, Wm. Golding executed a mortgage on the real estate above referred to in favor of D. C. McCan, to secure an acknowledged indebtedness of $50,056.90.

In July, 1865, Wm. Golding made an inventory in his wife's succession, and included in it the property purchased by him after her death and on which he had just granted the mortgage to McCan.

On June 7, 1866, when the first mortgage note to McCan was about to mature, Golding brought suit against McCan, attacking the consideration of the mortgage, praying for its annulment, and for a further judgment against McCan for more than $100,000.

On June 16, 1866, McCan filed suit by executing process on his mortgage note, which was enjoined by Golding on the same grounds set up in the first mentioned suit.

These suits went to issue and trial and both resulted in judgments in favor of McCan, from which judgments Golding took appeals to the Supreme Court.

During the pendency of these appeals a compromise was effected between Golding and McCan, evidently by a notarial agreement, containing the following stipulations:

1. Golding dismisses appeals, suit Supreme Court Nos. 1511, 1916 (District Court Nos. 18,289, 17,465).

2. Golding agrees to transfer property corner Julia and Tchoupitoulas streets to McCan, in full payment of $25,000, and to substitute for the minor's tacit mortgage on said property a special mortgage on other property.

3. Golding to pay McCan $5000 in cash and transfer certain judgment to extent of other $5000.

4. The final balance due McCan on mortgage on Novelty Iron Works is fixed at $15,000, and sundry minor stipulations.

In the meantime, in August, 1865, Golding had filed the inventory taken in the succession of his wife, which exhibited the property here involved, and purchased by Golding after his wife's death, as

community property, appraised at $52,500, and also recited a further amount of cash on hand of $27,840.

Under the law then in force the minor had a tacit mortgage on the property of his tutor for the amount due him under the inventory, and this mortgage had been preserved under the Constitution of 1868, by timely record of the abstract of inventory. McCan thus discovered that the real estate on which his mortgage rested figured on this inventory as community property, one-half of which belonged to the minor, and that in addition thereto it was subject to the minor's mortgage, priming his own, for the large sum appearing on said inventory.

McCan thereupon brought his action in the Second District Court, in which said inventory had been filed and homologated, against Golding, tutor, and the under tutor of the minors, to have said inventory annulled and set aside, to have the real estate placed thereon declared to be not community property, but the individual property of Wm. Golding, and to order the tutor, Wm. Golding, to state and prove contradictorily with McCan and the under tutor the true nature, value and amount of the community property and debts.

After issue joined and contradictory trial, judgment was rendered as above prayed for.

In accordance with this decree, Golding, tutor, presented a petition in the succession of his wife, with a statement of the assets and debts of the community, and asked that McCan and the under tutor be cited to show cause why the said account should not be homologated. Both defendants appeared and filed answer, the cause was regularly tried, evidence was heard, and judgment was rendered homologating the account.

This account, of course, eliminated the real estate which had figured on the inventory, but placed the amount of the price paid therefor in lieu thereof, making the community assets the same in amount as on the former inventory. But the account supplied what had been omitted in the inventory, a statement of the community debts, amounting to $80,000, leaving a surplus of $340 due the community, of which one-half belonged to the minor.

On the petition of the tutor and the advice of a family meeting, the minor's general mortgage was canceled and erased, and a special mortgage on particular property was substituted therefor in the amount of $170.

Golding vs. Golding et als.

In this state of the case the title to the two pieces of real estate has passed from Golding to *bona fide* purchasers, who bought on the faith of the records and judgments above recited, and the property has been sold and resold, until, at the date of this suit, the title of one piece stood in the names of A. A. and J. H. Maginnis, and of the other in the name of S. B. Steers.

The minor, Wm. D. Golding, having attained the age of majority, brings the present action against McCan, his tutor and under tutor, and the above named present owners of the property, in which he asserts the nullity of all the above mentioned proceedings; asserts the integrity of his rights under the original inventory and his tacit mortgage; claims that he, therefore, remains the owner of one-half of the property included therein, and has a mortgage on the other half; and claims in addition thereto a large judgment against McCan, his tutor and under tutor *in solido.*

Several exceptions were filed and overruled; but the case is so clear on the merits that there is no need to consider them:

1. The claim of ownership of one-half of the property has no foundation in law. The property was purchased by Golding after the dissolution of the community, and, under the plain text of the Code, did not become community property. Rev. C. C., Art. 2402.

The claim that the property was purchased with community funds, and was therefore held under a resulting trust in favor of the community, might have force against Golding if the title remained in him, provided it were shown that the purchase was made with the indentical funds held for the community under the doctrine of Pirtle vs. Price, 31 An. 357; but no such proof of identity is made. And in no case could such claim be maintained against the mortgage executed in favor of McCan, which was accepted on the faith of the recorded title, and still less against the subsequent *bona fide* purchasers. Receivers vs. Beauregard *et al.*, 1 Woods, 125.

2. The claim of mortgage must be denied for similar reasons.

The mortgage in favor of the minor which once apparently rested on this property was canceled by a final decree of the only court which had jurisdiction in the premises, on the proceedings perfectly regular to which both the tutor and under tutor were parties, and was duly erased from the records with the advice and consent of a family meeting, and substituted by a special mortgage in the amount fixed by the court. Even if there were fraud in these proceedings,

.36

which is not proved, they were regular on their face and fully protect the defendant purchasers, who are not charged with participation in or knowledge of such fraud and had the right to act on the faith of the record.

3. The sweeping charges of fraud and conspiracy made against the tutor, the under tutor and McCan, are not sustained by proof and furnish no ground for the relief claimed against the under tutor, McCan, which was properly denied by the judge a quo.

These proceedings furnish no proper base for adjudicating on the special mortgage for $170, recorded against the property now held by the succession of S. B. Steers, and the judge below rightly ignored it. This is without prejudice to the right of plaintiff to assert the same in proper proceedings.

Judgment affirmed.